UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEFF SHERRILL, on behalf of himself and a class of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PREMERA BLUE CROSS; LIFEWISE HEALTH PLAN OF OREGON; and LIFEWISE ASSURANCE, Co.<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974, AND STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**<br><br>**COLLECTIVE ACTION**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jeff Sherrill ("Plaintiff") alleges, on behalf of himself and a class of those similarly situated, as follows:

**JURISDICTION AND VENUE**

1. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331; Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b); and Section 501(e)(1) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(e)(1).

2. This Court also has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (a) there are 100 or

COMPLAINT
863827.1
- 1 -

more members in the proposed class; (b) at least some members of the proposed class have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed $5,000,000 in the aggregate.

3.     In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state wage and hour law claims, because those claims derive from a common nucleus of operative fact.

4.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5.     The Western District of Washington has personal jurisdiction over Premera Blue Cross ("Premera") because it maintains offices in this District, does business in Washington and in this district, and because many of the acts complained of and giving rise to the claims alleged occurred in Washington and in this District.

6.     The Western District of Washington has personal jurisdiction over LifeWise Health Plan of Oregon ("LifeWise Oregon") because it maintains offices in this District, does business in Washington and in this district, and because many of the acts complained of and giving rise to the claims alleged occurred in Washington and in this District.

7.     The Western District of Washington has personal jurisdiction over LifeWise Assurances, Co. ("LifeWise Assurances") because it maintains offices in this District, does business in Washington and in this district, and because many of the acts complained of and giving rise to the claims alleged occurred in Washington and in this District.

8.     Premera, LifeWise Oregon, and LifeWise Assurances are hereinafter collectively referred to as "Defendants."

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this district and because a substantial part of the events giving rise to the claims occurred in this District.

COMPLAINT
863827.1
- 2 -
FRANK FREED SUBIT & THOMAS LLP
705 SECOND AVE., SUITE 1200
SEATTLE, WASHINGTON 98104
(206) 682-6711

10. Intradistrict assignment: Pursuant to W.D. Wash. Local Rule 5(e)(1), intradistrict assignment to the Seattle Division is proper because a substantial part of the events that give rise to the claims asserted occurred in Mountlake Terrace.

## SUMMARY OF CLAIMS

11. Plaintiff was employed by Premera as a technical support worker. Technical support workers at Premera have the primary duties of installing, maintaining, and/or supporting computer software and/or hardware for Premera. They were and/or are misclassified by Premera as exempt from the overtime provisions of the FLSA and/or applicable state wage and hour laws, as described below.

12. Defendants LifeWise Oregon and LifeWise Assurances are wholly-owned subsidiaries of Defendant Premera. Defendants LifeWise Oregon and LifeWise Assurances employ technical support workers with the primary duties of installing, maintaining, and/or supporting computer software and/or hardware. These technical support workers were and/or are misclassified by LifeWise Oregon and LifeWise Assurances as exempt from the overtime provisions of the FLSA and/or applicable state wage and hour laws, as described below.

13. Plaintiff brings this action on behalf of himself and all persons who were, are, or will be employed by Defendants nationwide as technical support workers with the primary duties of installing, maintaining, and/or supporting computer software and/or hardware, including but not limited to all levels of System Administrator, System Engineer, IT Analyst, Software Test Engineer, Database Administrator, EDI Specialist, Information Security Administrator, Network Administrator, and Network Specialist (collectively, the "Class Positions"), at any time within the three years prior to the filing of the initial Complaint through the date of the final disposition of this action (the "Nationwide FLSA Period"), and who were, are, or will be misclassified by Defendants as exempt from overtime pay under federal law. This group is hereinafter referred to as the "Nationwide FLSA Plaintiffs."

14. Plaintiff also brings this action on behalf of all persons who were, are, or will be employed by Defendants in Washington in the Class Positions (hereinafter "the Washington

COMPLAINT - 3 -
863827.1

FRANK FREED SUBIT & THOMAS LLP
705 SECOND AVE., SUITE 1200
SEATTLE, WASHINGTON 98104
(206) 682-6711

Class"), at any time within the four years prior to the date of the filing of the initial Complaint through the date of the final disposition of this action (the "Washington Class Period"), and who were, are, or will be misclassified as exempt from overtime pay under Washington law.

15. Plaintiff also brings this action on behalf of himself and all persons who were, are, or will be employed by Defendants nationwide in the Class Positions within the six years prior to this action's filing date through the date of the final disposition of this action ("the ERISA Class Period"), who were, are, or will be improperly classified as exempt from overtime pay under applicable state and federal laws, and who were, are, or will be covered by the 401(k) Plan (hereinafter "the ERISA Class").

16. At all relevant times, Defendant Premera has been the plan sponsor of the 401(k) Plan applicable to Plaintiff and all Class members within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B). On information and belief, all Defendants have exercised actual responsibility, authority, and/or control with regard to the crediting of compensation under the 401(k) Plan, thereby making all Defendants fiduciaries of that plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

17. On information and belief, Defendants, at all relevant times, have been and continue to be employers within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5), the administrators of the 401(k) Plan, within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A), the named fiduciaries of that plan within the meaning of ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1), and fiduciaries of that plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

18. At all relevant times, Plaintiff was an employee of Defendant Premera, within the meaning of ERISA § 3(6), 29 U.S.C. § 1002(6), and a participant in the 401(k) Plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1102(7).

19. Defendants have unlawfully classified Plaintiff, Nationwide FLSA Plaintiffs, and the state Class members as exempt from overtime payments under federal and state laws, despite the fact that they should have been classified as nonexempt. Plaintiff, Nationwide

COMPLAINT
863827.1
- 4 -
FRANK FREED SUBIT & THOMAS LLP
705 SECOND AVE., SUITE 1200
SEATTLE, WASHINGTON 98104
(206) 682-6711

1  FLSA Plaintiffs, and the state Class members worked overtime hours, as defined by the applicable federal and state laws, and are and have been entitled to premium compensation at the appropriate rate ("overtime compensation") for all overtime hours worked.

20. Defendants have willfully refused to pay Plaintiff, Nationwide FLSA Plaintiffs, and the state Class members the required overtime compensation for overtime hours worked, and has failed to keep time records as required by law.

21. Defendants have failed to keep records of Plaintiff's and the ERISA Class's overtime work. In doing so, Defendants have failed to comply with ERISA's requirement that they maintain records sufficient to determine benefits due or which may become due under the 401(k) Plan, as required under ERISA § 209, 29 U.S.C. § 1059.

22. Defendants have failed to credit Plaintiff and the ERISA Class for overtime work as Compensation under the 401(k) Plan. In doing so, Defendants have violated ERISA's fiduciary requirement, set forth in ERISA § 404, 29 U.S.C. § 1104.

23. Defendants' practices violate the FLSA, ERISA, and the state laws pled herein. Plaintiff seeks injunctive and declaratory relief, overtime compensation for all overtime work required, suffered, or permitted by Defendants, liquidated and/or other damages and penalties as permitted by applicable law, interest, and attorneys' fees and costs.

### THE PARTIES

24. Plaintiff Jeff Sherrill has been employed by Premera in Seattle, Washington from approximately August 2001 through the present. He has held the job titles of System Engineer, Client Server Support Engineer, and System Administrator. Throughout this time Mr. Sherrill has had the primary duties of installing, maintaining, and supporting computer software and/or hardware. He has worked for Premera in a Class Position during the FLSA Class Period, the ERISA Class Period, and the Washington Class Period. Mr. Sherrill has worked hours in excess of forty hours per week without receiving overtime compensation as required by both Washington and federal law.

COMPLAINT
863827.1
- 5 -
FRANK FREED SUBIT & THOMAS LLP
705 SECOND AVE., SUITE 1200
SEATTLE, WASHINGTON 98104
(206) 682-6711

25. Plaintiff consents to sue for violations of the FLSA, pursuant to 29 U.S.C. § 216(b) and 256. Attached hereto as Exhibit A is a true and correct copy of Plaintiff's Consent to Join form.

26. Defendant Premera is a corporation providing health insurance services throughout the United States, with its headquarters in Mountlake Terrace, Washington. The practices described herein were performed in and emanated from Premera's Mountlake office, where Plaintiff is employed.

27. Defendant LifeWise Oregon is a corporation providing health insurance services throughout the United States, with its headquarters in Portland, Oregon. The practices described herein were performed in and emanated from LifeWise Oregon's offices where FLSA Nationwide Plaintiffs and Washington Class members have been employed.

28. Defendant LifeWise Assurances is a corporation providing health insurance services throughout the United States, with its principal place of business in Mountlake Terrace, Washington. The practices described herein were performed in and emanated from LifeWise Assurances' offices where FLSA Nationwide Plaintiffs and Washington Class members have been employed.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff brings the First Claim for Relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the Nationwide FLSA Plaintiffs.

30. Plaintiff and Nationwide FLSA Plaintiffs are similarly situated in that they have substantially similar job requirements and pay provisions, and are subject to Defendants' common practice, policy, or plan of unlawfully characterizing Nationwide FLSA Plaintiffs as exempt employees and refusing to pay them overtime in violation of the FLSA.

31. The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), since the claims of the Plaintiff are similar to the claims of the Nationwide FLSA Plaintiffs.

COMPLAINT
863827.1
- 6 -
FRANK FREED SUBIT & THOMAS LLP
705 SECOND AVE., SUITE 1200
SEATTLE, WASHINGTON 98104
(206) 682-6711

32. The names and addresses of the Nationwide FLSA Plaintiffs are available from Defendants' records. Notice should be provided to the Nationwide FLSA Plaintiffs via first class mail, e-mail, and posting in the offices where they work and have worked as soon as possible.

## WASHINGTON CLASS ACTION ALLEGATIONS

33. Plaintiff brings the Second, Third, Fourth, Fifth, Sixth and Seventh Claims for Relief for violation of Washington's wage and hour and consumer protection act as a class action, pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), on behalf of all Washington Class members, defined in paragraph 14.

34. The Washington Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that during the Washington Class Period Defendants have employed at least fifty persons who satisfy the definition of the Washington Class.

35. Common questions of law and fact exist as to members of the Washington Class, including, but not limited to, the following:

    a. Whether Defendants unlawfully failed to pay overtime compensation in violation of the Washington Consumer Protection Act, RCW 19.86 *et seq.*, and the Washington Minimum Wage Act, RCW 49.46.010, 49.46.130, and 49.46.070.

    b. Whether Plaintiff and the Washington Class members are nonexempt employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of Washington law;

    c. Whether Defendants' policy and practice of classifying the Washington Class members as exempt from overtime entitlement under Washington law and Defendants' policy and practice of failing to pay overtime to the Washington Class members violate applicable provisions of Washington law, including applicable statutory and regulatory authority;

COMPLAINT - 7 -
863827.1

FRANK FREED SUBIT & THOMAS LLP
705 SECOND AVE., SUITE 1200
SEATTLE, WASHINGTON 98104
(206) 682-6711

        d.     Whether Defendants unlawfully failed to keep and furnish Washington Class members with records of hours worked, in violation of RCW 49.46.070;

        e.     Whether Defendants' policy and practice of failing to pay its employees all wages due within the time required by law after their employment ended violates RCW 49.48.010; and

        f.     The proper measure of damages sustained and the proper measure of restitution recoverable by members of the Washington Class.

36. Plaintiff's claims are typical of the Washington Class members' claims. Plaintiff, like other Washington Class members, was subjected to Defendants' policy and practice of refusing to pay overtime in violation of Washington law. Plaintiff's job duties were typical of those of other Washington Class members.

37. Plaintiff will fairly and adequately represent and protect the interests of the Washington Class. Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

38. Class certification of the Second Third, Fourth, Fifth, Sixth, and Seventh Claims for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Washington Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Washington Class members as a whole. Plaintiff and the Washington Class members are entitled to injunctive relief to end Defendants' common and uniform practice of failing to properly compensate its employees for all overtime work performed for the benefit of Defendants.

39. Class certification of the Second, Third, Fourth, Fifth, Sixth, and Seventh Claims for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Washington Class predominate over any questions affecting only individual members of the Washington Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices unlawfully treat members of the Washington Class as exempt

COMPLAINT — 8 —
863827.1

FRANK FREED SUBIT & THOMAS LLP
705 SECOND AVE., SUITE 1200
SEATTLE, WASHINGTON 98104
(206) 682-6711

from overtime pay requirements. The damages suffered by individual Washington Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

40. Plaintiff intends to send notice to all members of the Washington Class consistent with the requirements of Fed. R. Civ. P. 23.

### ERISA CLASS ACTION ALLEGATIONS

41. Plaintiff brings the Eighth and Ninth Claims for Relief for violation of ERISA as a class action, pursuant to Fed. R. Civ. P. 23(a), (b)(1), and/or (b)(2), on behalf of all ERISA Class members, defined in paragraph 15.

42. The ERISA Class is so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe that during the ERISA Class Period, Defendants employed over 100 persons who satisfy the definition of the ERISA Class.

43. Questions of law and fact common to the ERISA Class as a whole include, but are not limited to, the following:

    a. Whether Defendants failed and continue to fail to maintain accurate records of actual time worked and wages earned by Plaintiff and the ERISA Class;

    b. Whether Defendants failed and continue to fail to provide accurate wage statements itemizing all actual time worked and wages earned by Plaintiff and the ERISA Class;

    c. Whether Defendants have violated and continue to violate ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1), as alleged herein;

    d. Whether Defendants credited Plaintiff and the ERISA Class with all Compensation which they were paid or entitled to be paid for purposes of the 401(k) Plan, as required by ERISA; and

COMPLAINT   - 9 -
863827.1

FRANK FREED SUBIT & THOMAS LLP
705 SECOND AVE., SUITE 1200
SEATTLE, WASHINGTON 98104
(206) 682-6711

   e. Whether Defendants violated ERISA's fiduciary standards by its failure to credit Plaintiff and the ERISA Class with all Compensation which they were paid or entitled to be paid for purposes of the 401(k) Plan, as required by ERISA.

  44. Plaintiff's claims are typical of those of the ERISA Class. Plaintiff, like all other ERISA Class members, was subject to Defendants' policies and practices of failing to record overtime worked and Defendants' policy and practice of failing to credit all overtime compensation earned or owning as Compensation under the 401(k) Plan.

  45. Plaintiff will fairly and adequately represent and protect the interests of the ERISA Class. Plaintiff has retained counsel competent and experienced in complex class actions and ERISA.

  46. Class certification of the Eighth and Ninth Claims for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because adjudications with respect to individual members of the class would, as a practical matter, be dispositive of the interests of the other members and/or pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the ERISA Class, making appropriate declaratory and injunctive relief with respect to the Plaintiff and the ERISA Class as a whole. Class certification of the Eighth and Ninth Claims for Relief is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because common questions predominate and a class action is a superior method for adjudication of the claims.

  47. Plaintiff intends to send notice to all members of the ERISA Class consistent with the requirements of Fed. R. Civ. P. 23.

**FIRST CLAIM FOR RELIEF**
**(Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*,**
**Brought by Plaintiff on Behalf of Himself and the Nationwide FLSA Plaintiffs)**

  48. Plaintiff, on behalf of himself and all Nationwide FLSA Plaintiffs, realleges and incorporates by reference paragraphs 1 through 47 as if they were set forth again herein.

  49. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within

COMPLAINT
863827.1
- 10 -
FRANK FREED SUBIT & THOMAS LLP
705 SECOND AVE., SUITE 1200
SEATTLE, WASHINGTON 98104
(206) 682-6711

the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, and continue to employ, "employee[s]," including Plaintiff, and each of the Nationwide FLSA Plaintiffs. At all relevant times, Defendants have had gross operating revenues in excess of $500,000.

50. Attached hereto are the Consent to Sue forms signed by Plaintiff in this action pursuant to § 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256. It is likely that other similarly situated individuals will sign consent forms and join as Plaintiffs on this claim in the future.

51. The FLSA requires each covered employer, including Defendants, to compensate all nonexempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

52. The Nationwide FLSA Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked.

53. At all relevant times, Defendants, pursuant to their policies and practices, failed and refused to pay overtime premiums to the Nationwide FLSA Plaintiffs for their hours worked in excess of forty hours per week.

54. By failing to compensate Plaintiff and the Nationwide FLSA Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and § 215(a).

55. By failing to record, report, and/or preserve records of hours worked by Plaintiff and the Nationwide FLSA Plaintiffs, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 211(c) and § 215(a).

56. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

COMPLAINT
863827.1
- 11 -
FRANK FREED SUBIT & THOMAS LLP
705 SECOND AVE., SUITE 1200
SEATTLE, WASHINGTON 98104
(206) 682-6711

57. Plaintiff, on behalf of himself and Nationwide FLSA Plaintiffs, seeks damages in the amount of unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

58. Plaintiff, on behalf of himself and the Nationwide FLSA Plaintiffs, seeks recovery of attorneys' fees and costs of action to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
### (Unpaid Overtime, RCW 49.46.130, Brought by Plaintiff on Behalf of Himself and the Washington Class)

59. Plaintiff, on behalf of himself and all members of the Washington Class, realleges and incorporates by reference paragraphs 1 through 57 as if they were set forth again herein.

60. Washington law requires employers, such as Defendants, to pay overtime compensation to all nonexempt employees for all hours worked over forty per week.

61. Plaintiff and the Washington Class members are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked.

62. Throughout the Washington Class Period, and continuing through the present, Plaintiff and the Washington Class members have worked in excess of forty hours in a workweek.

63. During the Washington Class Period, Defendants misclassified Plaintiff and the Washington Class members as exempt from overtime pay entitlement and failed and refused to pay them overtime premium pay for their overtime hours worked.

64. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the Washington Class members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to RCW 49.48.030.

COMPLAINT - 12 -
863827.1

FRANK FREED SUBIT & THOMAS LLP
705 SECOND AVE., SUITE 1200
SEATTLE, WASHINGTON 98104
(206) 682-6711

**THIRD CLAIM FOR RELIEF**
**(Unpaid Wages Upon Termination, RCW 49.48, Brought by Plaintiff on Behalf of Himself and the Washington Class)**

65. Plaintiff, on behalf of himself and all members of the Washington Class, realleges and incorporates by reference paragraphs 1 though 64 as if they were set forth again herein.

66. RCW 49.48.010 provides: "When any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." The statute further provides that it "shall be unlawful for any employer to withhold or divert any portion of an employee's wages."

67. By the actions alleged above, Defendants violated the provisions of RCW 49.48.010.

68. As a result of the unlawful acts of Defendant, Plaintiffs and the Class have been deprived of overtime and straight time compensation in amounts to be determined at trial, including interest thereon, and attorneys' fees and costs pursuant to RCW 49.48.030.

**FOURTH CLAIM FOR RELIEF**
**(Washington Record-Keeping Provisions, WAC § 296-126-040 & 050, Brought by Plaintiff on Behalf of Himself and the Washington Class)**

69. Plaintiff, on behalf of himself and all members of the Washington Class, realleges and incorporates by reference paragraphs 1 through 68 as if they were set forth again herein.

70. Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to Plaintiff and Washington Class members in accordance with WAC § 296-126-040 and WAC § 296-126-050. Such failure caused injury to Plaintiff and Washington Class members, by, among other things, impeding them from knowing the amount of wages to which they are and were entitled. At all times relevant herein, Defendants have failed to maintain records of hours worked by Plaintiff and Washington Class members as required under WAC § 296-126-040 and WAC § 296-126-050.

COMPLAINT
863827.1

- 13 -

FRANK FREED SUBIT & THOMAS LLP
705 SECOND AVE., SUITE 1200
SEATTLE, WASHINGTON 98104
(206) 682-6711

71. As a result of Defendants' failure to maintain proper records under Washington law, Defendants are liable to Plaintiff and Washington Class members in an amount to be established at trial, including prejudgment interest, and attorneys' fees and costs, pursuant to RCW 49.48.030.

### FIFTH CLAIM FOR RELIEF
### (Washington Meal And Rest Period Provisions, WAC § 296-126-092, Brought by Plaintiff on Behalf of Himself and the Washington Class)

72. Plaintiff, on behalf of himself and all members of the Washington Class, realleges and incorporates by reference paragraphs 1 through 71 as if they were set forth again herein.

73. Plaintiff and Washington Class members regularly work and have worked in excess of five-hour shifts without being afforded at least a half-hour meal break in which they were relieved of all duty, as required by WAC § 296-126-092.

74. In addition, Plaintiff and Washington Class members regularly work and have worked without being afforded at least one ten-minute rest break, in which they were relieved of all duty, per four hours of work performed or major fraction thereof, as required by WAC § 296-126-092.

75. As a result of the unlawful acts of Defendants, Plaintiff and the Washington Class members have been deprived of compensation for missed and shortened meal and rest breaks in amounts to be determined at trial, and attorneys' fees and costs pursuant to RCW 49.48.030.

### SIXTH CLAIM FOR RELIEF
### Willful Refusal to Pay Wages, RCW 49.52.050 & 070,
### Brought by Plaintiff on Behalf of Himself and the Washington Class)

76. Plaintiff, on behalf of himself and all members of the Washington Class, realleges and incorporates by reference paragraphs 1 through 75 as if they were set forth again herein.

77. RCW 49.52.050(2) provides that any employer who "willfully and with intent to deprive the employee of any part of his wages, shall pay any employee a lower wage than the

COMPLAINT
863827.1

- 14 -

FRANK FREED SUBIT & THOMAS LLP
705 SECOND AVE., SUITE 1200
SEATTLE, WASHINGTON 98104
(206) 682-6711

wage such employer is obligated to pay such employee by any statute, ordinance, or contract, shall be guilty of a misdemeanor."

78. RCW 59.52.070 provides that any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with the costs of suit and a reasonable attorney fee.

79. By the actions alleged above, Defendants violated the provisions of RCW 49.52.050. As a result of the unlawful acts of Defendants, Plaintiff and the Class have been deprived of overtime and straight time compensation in amounts to be determined at trial, and pursuant to RCW 49.52.070 are entitled to recover twice such amounts, including interest thereon, attorneys' fees and costs.

### SEVENTH CLAIM FOR RELIEF
### (Washington Consumer Protection Act, RCW 19.86, Brought by Plaintiff on Behalf of Himself and the Washington Class)

80. Plaintiff, on behalf of himself and all members of the Washington Class, realleges and incorporates by reference paragraphs 1 through 79 as if they were set forth again herein.

81. Defendants engaged in unfair or deceptive acts or practices when they: (a) failed to pay Plaintiff and Class members for overtime worked; (b) prevented Plaintiff and Class members from taking rest and meal breaks, and/or failed to pay Plaintiff and Class Members for periods in which their rest and meal breaks were interrupted; (c) violated WAC § 296-126-092; and (d) violated RCW 49.48.010.

82. Beginning at a date unknown to Plaintiff, but at least as long ago as four years before the filing of this action, Defendants committed, and continue to commit, unfair or deceptive acts or practices that were capable of deceiving a substantial portion of the public.

83. The unlawful and unfair business practices and acts of Defendants, described above, have injured Plaintiff and the Washington Class members in that they were wrongfully denied the payment of earned overtime wages, were prevented from taking rest and meal breaks, and were not paid wages due upon termination.

COMPLAINT
863827.1
- 15 -
FRANK FREED SUBIT & THOMAS LLP
705 SECOND AVE., SUITE 1200
SEATTLE, WASHINGTON 98104
(206) 682-6711

84. Plaintiff and the Washington Class members are entitled, pursuant to RCW 19.86.090, to recover treble damages, reasonable attorneys' fees and costs.

### EIGHTH CLAIM FOR RELIEF
### (ERISA § 502(a)(3) Based on Failure to Maintain Records Brought by Plaintiff on Behalf of Himself and the ERISA Class)

85. Plaintiff, on behalf of himself and the ERISA Class, realleges and incorporates by reference paragraphs 11 through 84 as if they were set forth again herein.

86. ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1), requires that an employer which sponsors an employee benefit plan maintain records with respect to each of its employees sufficient to determine the benefits due or which may become due to such employees.

87. On information and belief, the 401(k) Plan is an employee pension benefit plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), and an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3).

88. Pursuant to the terms of the 401(k) Plan, employees' rights to share in the contributions to the Plan are dependent, in part, on their compensation, which is defined by Section 1.1(j) of the Plan's governing instrument to include, among other things, employees' overtime wages.

89. By their failure to record and/or report all of the hours worked by Plaintiff and members of the prospective ERISA Class, Defendants have failed to maintain records with respect to each of their employees sufficient to determine the benefit accrual rights of 401(k) Plan participants, in violation of ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1).

90. In order to remedy this violation of ERISA by Defendants, Plaintiff on behalf of himself and members of the ERISA Class seeks injunctive relief, and such other equitable relief as the Court deems just and proper, as provided by Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

91. Plaintiff on behalf of himself and members of the ERISA Class seek recovery of their attorneys' fees and costs of action to be paid by Defendant, as provided by Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

COMPLAINT
863827.1
- 16 -
FRANK FREED SUBIT & THOMAS LLP
705 SECOND AVE., SUITE 1200
SEATTLE, WASHINGTON 98104
(206) 682-6711

## NINTH CLAIM FOR RELIEF
### (ERISA §§ 1001 *et seq.*,
### Brought by Plaintiff on Behalf of himself and the ERISA Class)

92. Plaintiff, on behalf of himself and the ERISA Class, realleges and incorporates by reference paragraphs 1 through 91 as if they were set forth again herein.

93. ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires that employee benefit plan fiduciaries discharge their duties with respect to the plan solely in the interest of the participants and beneficiaries and, *inter alia*, (a) for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administration; (b) with the care, skill, prudence, and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims; and (c) in accordance with the documents and instruments governing the plan.

94. On information and belief, the 401(k) Plan confers on Defendants discretionary authority, responsibility, and/or control with respect to the crediting of compensation, thereby rendering Defendants fiduciaries in that regard.

95. On further information and belief, Defendants have exercised actual discretionary authority, responsibility, and/or control in determining what compensation would and would not be credited under the 401(k) Plan. By reason of the exercise of such discretion, Defendants have been fiduciaries of that plan with respect to the crediting of compensation.

96. Defendants have breached their fiduciary duties by failing to credit compensation due for overtime performed by the Plaintiff and the members of the ERISA Class as compensation under the 401(k) Plan.

97. Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), the Plaintiff on behalf of himself and all members of the ERISA Class seeks an injunction requiring Defendants to credit all members of the ERISA Class with Compensation under the 401(k) Plan for all of the past and future overtime work performed by those Class members and any such other equitable relief as this Court deems appropriate.

COMPLAINT
863827.1
- 17 -
FRANK FREED SUBIT & THOMAS LLP
705 SECOND AVE., SUITE 1200
SEATTLE, WASHINGTON 98104
(206) 682-6711

98. Plaintiff, on behalf of himself and members of the ERISA Class, seeks recovery of attorneys' fees and costs of action to be paid by Defendants, as provided by Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all members of the Nationwide FLSA Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the Nationwide FLSA Plaintiffs (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-In Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representative of the Nationwide FLSA Plaintiffs;

C. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

D. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

E. Costs of action incurred herein, including expert fees;

F. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

G. Post-Judgment interest, as provided by law; and

H. Such other legal equitable relief as this Court deems necessary, just, and proper.

WHEREFORE, Plaintiff on behalf of himself and all members of the Washington Class, prays for relief as follows:

I. Certification of this action as a class action on behalf of the Washington Class;

J. Designation of Plaintiff as a Representative of the Washington Class;

K. A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

COMPLAINT
863827.1
- 18 -
FRANK FREED SUBIT & THOMAS LLP
705 SECOND AVE., SUITE 1200
SEATTLE, WASHINGTON 98104
(206) 682-6711

L. Appropriate equitable and injunctive relief to remedy Defendants' violations of state law, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

M. Appropriate statutory penalties;

N. An award of damages, liquidated damages, and restitution to be paid by Defendants according to proof;

O. Pre-Judgment and Post-Judgment interest, as provided by law;

P. Such other injunctive and equitable relief as the Court may deem just and proper; and

Q. Attorneys' fees and costs of suit, including expert fees and costs.

WHEREFORE, Plaintiff on behalf of himself and all members of the ERISA Class, prays for relief as follows:

R. Certification of this action as a class action on behalf of the proposed ERISA Class;

S. Designation of Plaintiff as Representative of the ERISA Class;

T. A declaration that the practices complained of herein violate ERISA § 209(a), 29 U.S.C. § 1129(a);

U. Appropriate equitable and injunctive relief to remedy Defendants' violations of ERISA § 209(a);

V. A declaration that Defendants have breached their fiduciary duties by failing to credit the Plaintiffs and the ERISA Class with Compensation for all work performed, as required by ERISA and the terms of the 401(k) Plan;

W. An order requiring that Defendants remedy their breaches of fiduciary duty by crediting Plaintiff and the ERISA Class with compensation for all of their past, present, and future uncompensated work;

X. Attorneys' fees and costs of suit; and

COMPLAINT
863827.1

- 19 -

FRANK FREED SUBIT & THOMAS LLP
705 SECOND AVE., SUITE 1200
SEATTLE, WASHINGTON 98104
(206) 682-6711

Y. Such other injunctive and equitable relief as the Court may deem necessary, just, and proper.

Respectfully submitted,

FRANK FREED SUBIT & THOMAS LLP

Dated: April 7, 2010

By: _____
Michael C. Subit, WSBA# 29189
Attorneys for Plaintiffs and proposed Class

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104-0401
Telephone: (206) 682-6711
Facsimile: (206) 682-0401
E-Mail: msubit@frankfreed.com

Kelly M. Dermody (Cal. Bar No. 171716)
Jahan C. Sagafi (Cal. Bar No. 224887)
Anne B. Shaver (Cal. Bar No. 255928)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
E-Mail: kdermody@lchb.com
E-Mail: jsagafi@lchb.com
E-Mail: ashaver@lchb.com

*Attorneys for Plaintiffs and the proposed Class*

COMPLAINT
863827.1
- 20 -
FRANK FREED SUBIT & THOMAS LLP
705 SECOND AVE., SUITE 1200
SEATTLE, WASHINGTON 98104
(206) 682-6711