THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFF SHERRILL, on behalf of himself and a class of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PREMERA BLUE CROSS; LIFEWISE HEALTH PLAN OF OREGON; and LIFEWISE ASSURANCE CO.,<br><br>Defendants. | NO. 2:10-cv-00590-TSZ<br><br>**ORDER (1) CONDITIONALLY CERTIFYING SETTLEMENT CLASS AND COLLECTIVE ACTION, (2) GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, (3) DIRECTING DISSEMINATION OF NOTICE TO THE CLASS; AND (4) SETTING DATE FOR FAIRNESS HEARING AND RELATED DATES.**<br><br>Date:       June 10, 2011<br>Time:       10:00 a.m.<br>Courtroom:  15206<br>Judge:      Thomas S. Zilly |

THIS MATTER comes before the Court on plaintiff's unopposed motion for an order (1) conditionally certifying the proposed settlement class as an opt-out Class under Federal Rule of Civil Procedure 23; (2) conditionally designating the action as a collective action under section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

1

904036.2

§ 216(b); (3) appointing Plaintiff as the Class Representative; (4) appointing Plaintiff's counsel as Class Counsel; (5) granting preliminary approval to the parties' Joint Stipulation of Class Settlement and Settlement Agreement (the "Settlement"); (6) approving the mailing of the proposed Class Notice; (7) approving the notice of the Settlement sent to the Attorney General of the United States and the other responsible state officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715; (8) appointing Settlement Services, Inc., as the Settlement Administrator; and (9) scheduling a final approval hearing and related dates.

Having considered the papers on the motion, and the law, the Court now GRANTS the motion and FINDS, CONCLUDES, and ORDERS as follows:

**I.      NATURE OF ACTION**

Plaintiff alleges that Premera misclassified him and the class he proposes as exempt from overtime under the FLSA and Washington wage-and-hour laws and, on that basis, failed to pay him and the proposed class for overtime wages, to provide them with required meal periods and rest breaks, and to provide them with correctly itemized wage statements.  Plaintiff also alleged that with regard to such matters, Premera engaged in unfair competition in violation of Washington's Consumer Protection Act, Rev. Code Wash. § 19.86 *et seq.*; and that Premera violated the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*, by failing to pay benefits as a result of failing to credit Plaintiff and Class Members for their claimed unpaid wages.

Premera denies each of the allegations in the complaint and denies that any Plaintiff is entitled to recovery.  Premera denies that this action may be properly maintained as a class action under Fed. R. Civ. P. 23 or as a collective action under the FLSA.

## II.   CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS UNDER RULE 23

### A.   Settlement Class

For settlement purposes only, the Parties have proposed conditional certification of the following settlement class under Federal Rule of Civil Procedure 23 (the "Class"):

> All persons who work or worked for Premera in a Covered Position during a Covered Period.

The term "Covered Position" means one or more of the following titles: Application Support Engineer I & II; Database Administrator I; Information Security Administrator III; IT Analyst I & II; Network Administrator III; PeopleSoft Systems Administrator; Production Control Analyst III; Senior Middleware Administrator; Senior Network Administrator; Senior Systems Administrator; Software QA Analyst; Software Test Engineer I; System Administrator – HCS; Systems Administrator I, II, & III; Systems Engineer I; Telecommunications Administrator I, II, & III; and Telecommunications Engineer I.  (Settlement, § I.J.)

The term "Covered Period" means the period from April 7, 2006, to the date on which the Court's order granting preliminary approval of the Settlement is entered. (Settlement, § I.I.)

### B.   Conditional Certification

The Court hereby finds and concludes that for purposes of the Settlement, the Class satisfies all of the requirements for certification under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

   1.   The Class is sufficiently numerous that joinder is impracticable. Fed. R. Civ. P. 23(a)(1).

   2.   The members of the Class share common issues of fact and law regarding (i) whether, in view of the Class members' duties, Premera properly classified

all Class Members as exempt from overtime; and (ii) whether, in its treatment of the Class as exempt, Premera violated ERISA.  Fed. R. Civ. P. 23(a)(2).

3.  Plaintiff's claims are typical of those of the Class, because they arise out of the same policies and practices and course of conduct complained of by all Class Members.  Fed. R. Civ. P. 23(a)(3).

4.  Plaintiff is an adequate representative of the class, because his interests are co-extensive with those of Class Members, and he has retained experienced counsel to represent him.  Fed. R. Civ. P. 23(a)(4).

5.  Questions of law or fact common to the Class predominate over individualized issues, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Fed. R. Civ. P. 23(b)(3).

6.  Because certification of the Class is proposed in the context of a settlement, the Court need not inquire whether the case, if tried as a class action, would present intractable management problems.

Accordingly, the Court hereby conditionally certifies the Class under Rule 23(a) and (b)(3).

### III. DESIGNATION OF COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)

For settlement purposes only, the Parties have proposed conditional certification of the action as a collective action under section 16(b) of the FLSA, 29 U.S.C. § 216(b), for the three-year period preceding the filing of Plaintiff's complaint.  The Court hereby finds and concludes that the Class fulfills the requirements for a collective action under section 16(b).

1.  Under section 16(b), an action may be maintained by an employee or employees on behalf of others who are "similarly situated."

2.   Here, the Class Members are similarly situated for purposes of a collective action under section 16(b) because of the job duties that the Class Members performed and Premera's classification of them as exempt.

Accordingly, certification under section 16(b) is appropriate for those Class Members with claims within the three years preceding the filing of the Plaintiff's complaint.

## IV. APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

### A. Class Representative

The Court finds and concludes that Plaintiff has claims typical of Class Members and is an adequate representative of them. The Court hereby appoints Plaintiff to serve as Class Representative.

### B. Class Counsel

The Court finds and concludes that Lieff, Cabraser, Heimann & Bernstein LLP and Frank Freed Subit & Thomas LLP have, separately and collectively, extensive experience and expertise in prosecuting wage-and-hour class actions and collective actions, and are competent and capable Class Counsel. The Court appoints these firms as Class Counsel.

## V. PRELIMINARY APPROVAL OF SETTLEMENT

The Court has reviewed the terms of the Settlement, including the plan of allocation and the release of claims. The Court has also read and considered the declaration of Jahan C. Sagafi in support of preliminary approval. Based on review of those papers, and the Court's familiarity with this case, the Court find and concludes that the Settlement is the result of arms-length negotiations between the Parties conducted after Class Counsel had adequately investigated Plaintiff's claims and become familiar with their strengths and weaknesses. The assistance of an experienced mediator in the

settlement process confirms that the Settlement is non-collusive. Based on all of these factors, the Court concludes that the proposed Settlement meets the criteria for preliminary settlement approval. The Settlement has no obvious defects and falls within the range of possible approval as fair adequate, and reasonable, such that notice to the Class is appropriate. Accordingly, the Settlement is hereby preliminarily approved.

## VI.   APPROVAL OF THE CLASS NOTICE, CAFA NOTICE AND MANNER OF DISTRIBUTION

The Parties have also submitted for this Court's approval a proposed Notice of (1) Proposed Class Action Settlement and (2) Final Settlement Approval Hearing (the "Class Notice"), see Sagafi Decl., Ex. 1 (Ex. A to the Settlement Agreement), docket no. 35-2, and the CAFA Notice of Proposed Settlement, see Sagafi Decl., Ex. 1 (Ex. B to the Settlement Agreement), docket no. 35-3, distributed to the appropriate federal and state officials. After carefully reviewing these documents, the Court finds and concludes as follows:

### A.   Best Notice Practicable

The Class Notice is the best notice practicable under the circumstances and allows Class Members a full and fair opportunity to consider the Settlement.

The Class Notice fairly, plainly, accurately, and reasonably informs Class Members of: (1) appropriate information about the nature of this action, the definition of the Class, the identity of Class Counsel, and the essential terms of the Settlement, including the plan of allocation; (2) appropriate information about Plaintiff's and Class Counsel's forthcoming applications for the Class Representative Payment and the Class Counsel Attorneys' Fees and Costs Award; (3) appropriate information about each Class Member's share of the proceeds under the Settlement; (4) appropriate information about this Court's procedures for final approval of the Settlement, and about Class Members' right to appear through counsel if they desire; (5) appropriate information about how to

comment on or opt out of the Settlement, if a Class Member wishes to do so; and (6) appropriate instructions as to how to obtain additional information regarding this action and the Settlement.

The proposed plan for distributing the Class Notice likewise is a reasonable method calculated to reach all individuals who would be bound by the Settlement.  Under this plan, the Settlement Administrator will distribute the Class Notice to all Class Members by first-class mail to their last known addresses.  There is no additional method of distribution that would be reasonably likely to notify Class Members who may not receive notice pursuant to the proposed distribution plan.

### B. CAFA Notice of Proposed Settlement

Premera's notice of the Settlement given to federal and state officials complies with the requirements of CAFA.  Not later than ten (10) days after the parties' Joint Motion for Conditional Certification of Class and Preliminary Approval of Class Action Settlement was filed, notice of the Settlement was mailed to the Attorney General of the United States of America and the appropriate official of the state of Washington; and the notice contains the documents required by 28 U.S.C. section 1715(b)(1)-(8).  On this basis, the notice of the Settlement is approved and the Court finds that Premera has discharged its obligations under CAFA to provide notice to the appropriate federal and state officials.

### C. Approval

Accordingly, the Court finds and concludes that the proposed plan for distributing the Class Notice will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), and satisfies all other legal and due process requirements.  Accordingly, the Court hereby orders as follows:

    1.    The Class Notice is approved.

    2.    The CAFA Notice of Proposed Settlement is approved.

3.  The manner of distributing the Class Notice to the Class is approved.

4.  Promptly following the entry of this order, the Settlement Administrator will prepare final versions of the Class Notice, incorporating into them the relevant dates and deadlines set forth in this order.

5.  Within ten (10) days following entry of this order, Premera will provide the Settlement Administrator a database in a format acceptable to the Settlement Administrator, listing for all Class Members each Class Member's name, last known address, Social Security number, Premera employee identification number, dates and state(s) of employment listed by Covered Position held and the number of Compensable Work Weeks in a Covered Position during a Covered Period.

6.  Prior to the mailing of the Class Notice, the Settlement Administrator will update any new address information for Class Members as may be available through the National Change of Address ("NCOA") database or equivalent system.

7.  Within fourteen (14) days after receiving the Class Member information set out above from Premera, the Settlement Administrator will mail, via first-class mail, the Class Notice to all Class Members at their last known address or at the most recent address that may have been obtained through the NCOA.

8.  The Settlement Administrator will take all reasonable steps to obtain the correct address of any Class Members for whom the Class Notice is returned by the U.S. Postal Service as undeliverable and otherwise to provide the Class Notice. The Settlement Administrator will trace all returned undeliverable Class Notices and re-mail them to the most recent address available. The Settlement Administrator will promptly notify Class Counsel and counsel for Premera of any mail sent to Class Members that is

1  returned as undeliverable after the first mailing as well as any such mail returned as
2  undeliverable after any subsequent mailing(s).

3        9.     Plaintiff will file with his motion for final approval a declaration
4  from the Settlement Administrator of due diligence and proof of mailing with regard to
5  the mailing of the Notice, and will file prior to the hearing on the motion a supplemental
6  declaration from the Settlement Administrator as applicable.

7        10.    Approximately thirty (30) days after the Settlement Administrator
8  mails the Settlement Share checks to the Class Members, the Settlement Administrator
9  will contact all Class Members who have not cashed their Settlement Share checks.

10        11.    The Settlement Administrator will take all other actions in
11  furtherance of settlement administration as are specified in the Settlement Agreement.

## VII. PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT

### A. Final Approval Hearing

The Court hereby schedules a hearing to determine whether to grant final approval of the Settlement (the "Final Approval Hearing") for June 10, 2011, at 10:00 a.m.

### B. Deadline to Opt Out of the Settlement

#### 1. Form of Opt-Out Request.

Class Members may opt out of participating in the Settlement. To do so, a Class Member must submit a signed statement that identifies him- or herself by name, address, and telephone number; states that the Class Member wants to opt-out of the Settlement; and is signed by the Class Member.

#### 2. Deadline for Submitting Opt-Out Request.

A completed opt out request will be deemed timely submitted to the Settlement Administrator if it is (i) mailed to the Settlement Administrator by first-class mail and postmarked by not later than forty-five (45) days after the Settlement Administrator first mails the Class Notice to Class Members, or (ii) it is delivered to the Settlement

Administrator by the deadline for submission stated above, whether by mail, e-mail, facsimile transmission, professional delivery, or personal delivery. Only those Class Members who submit their opt out request within the time and by the manner set forth in this Order will be excluded from the Settlement. Pursuant to Federal Rule of Civil Procedure 23(b)(3) and (c)(2), the Settlement will have no binding effect on any Class Member who properly opts out of the Settlement in the manner required by this Order.

### C. Premera's Right to Rescind Agreement

If the number of Class Members who opt out of the Settlement exceeds twenty Class Members, Premera may, at its option, rescind this Settlement. Premera must notify Class Counsel of a decision to rescind this Settlement in writing via e-mail or U.S. mail within ten (10) days after the Settlement Administrator sends to Class Counsel and Counsel for Premera a report of all opt out requests that it has received (the "Opt-Out Report").

If Premera exercises this option, all of Premera's obligations under the Settlement will cease to be of any force and effect, and the Settlement and any order entered in connection with it, including this order, will be vacated, rescinded, canceled, and annulled, and the Parties will return to the *status quo* in the action as if the Parties had never entered into the Settlement in the first place. In addition, in such event, the Settlement and all negotiations, court orders, and proceedings related to the Settlement will be without prejudice to the rights of the Parties, and evidence relating to the Settlement and all negotiations will not be admissible or discoverable in the action or otherwise.

### D. Deadline for Filing Comments on or Objections to Settlement, Class Representative Payment, and Request for Attorneys' Fees

Any Class Member who wishes to comment on or object to the fairness, reasonableness, or adequacy of the Settlement, the proposed payment to the class

10

representative, or the plaintiff's request for attorneys' fees must do so in writing. Class Members who have timely commented on or objected to the Settlement, the proposed payment to the class representative, or the plaintiff's request for attorneys' fees, in writing, may also appear at the Final Approval Hearing. To be considered, any comment on or objection to the final approval of the Settlement, the proposed payment to the class representative, or the plaintiff's request for attorneys' fees, must state the basis for the comment or objection and be mailed to the Settlement Administrator, Class Counsel, and counsel for Premera, at the addresses provided in the Class Notice, via first-class mail, postmarked not later than forty-five (45) days after the date that the Notice Materials are first mailed to Class Members by the Settlement Administrator. Any Class Member who does not timely mail such a written comment or objection will not be permitted to raise such comment or objection, except for good cause shown, and any Class Member who fails to object in the manner prescribed by this order will be deemed to have waived, and will be foreclosed from raising, any such comment or objection.

**E.    Deadline for Mailing and Cashing Settlement Share Checks**

A Class Member who does not opt out of the Settlement will be eligible to receive his or her share of the Net Qualified Settlement Fund. A Class Member does not need to take any action to receive this share. The Settlement Administrator will disperse the Settlement Share checks to the Class Members via U.S. mail within thirty (30) days of the day the Final Approval Order and Judgment is entered. Class Members will have six (6) months from the date of issuance written on the check to cash their Settlement Share checks, after which time the checks will expire.

**F.    Deadline for Submitting Motion Seeking Final Approval**

Not later than fourteen (14) days before the Final Approval Hearing, the Plaintiff will file a motion for final approval of the Settlement, including any response to the objections to the Settlement filed by class members.

**G.     Deadline for Motion for Approval of Class Representative Payment**

Not later than fourteen (14) days before the expiration of the 45-day opt-out and objection period, Class Counsel may file a motion for approval of Plaintiff's Class Representative Payment, and shall make such materials available on a website that may be viewed by any Class Member so that such Class Member would have sufficient information to make an informed objection. The address for such website shall be provided in the notices transmitted pursuant to paragraph C(7) of this Order. Not later than fourteen (14) days before the Final Approval Hearing, Class Counsel may file a reply brief providing additional information and argument and/or responding to any opposition to the motion.

**H.     Deadline for Motion for Class Counsel Attorneys' Fees and Costs Award**

Not later than fourteen (14) days before the expiration of the opt-out and objection period, Class Counsel may file a motion for approval of their Class Counsel Attorneys' Fees and Costs Payment, and shall make such materials available on a website that may be viewed by any Class Member so that such Class Member would have sufficient information to make an informed objection. The address for such website shall be provided in the notices transmitted pursuant to paragraph C(7) of this Order. Not later than fourteen (14) days before the Final Approval Hearing, Class Counsel may file a reply brief responding to any opposition to the motion.

**VIII.   PLAINTIFF'S AND CLASS MEMBERS' RELEASE**

If, at the Final Approval Hearing, this Court grants final approval to the Settlement, Plaintiff and every Class Member who does not opt out of the Settlement will, pursuant to the Settlement, be adjudicated to have granted the release of claims as set forth in the Settlement, regardless of whether he or she receives any share of the Net Qualified Settlement Fund.

**IX.  APPOINTMENT OF SETTLEMENT ADMINISTRATOR**

Settlement Services, Inc., is hereby appointed Settlement Administrator to carry out the duties set forth in this Preliminary Approval Order and the Settlement.

**X.  EFFECT OF FAILURE TO APPROVE**

In the event the Court does not approve the Settlement, or for any reason the parties fail to obtain a Final Judgment as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(a) All Orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b) Nothing contained in this Order is, or may be construed as, any admission or concession by or against any of the parties on any point of fact or law; and

(c) Nothing in this Order or pertaining to the Settlement shall be used as evidence in any further proceedings in this case.

IT IS SO ORDERED.

Date this 26th day of February, 2011.

_____
Thomas S. Zilly
United States District Judge