1

2

3

4

THE HONORABLE THOMAS S. ZILLY

5

6

7

8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

| | |
|---|---|
| JEFF SHERRILL, on behalf of himself and a class of those similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>PREMERA BLUE CROSS; LIFEWISE HEALTH PLAN OF OREGON; and LIFEWISE ASSURANCE CO.,<br><br>                    Defendants. | NO.  2:10-cv-00590-TSZ<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:          June 30, 2011<br>Time:         10:00 a.m.<br>Courtroom:  15206<br>Judge:        Thomas S. Zilly |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that, pursuant to this Court's Preliminary Approval Order, Docket No. 40, on June 30, 2011 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 15206 of this Court, located at 700 Stewart Street, Seattle, Washington, Plaintiff Jeff Sherrill ("Plaintiff") will, and hereby does, move this Court to grant, pursuant to Federal Rule of Civil Procedure 23(e), final approval of the Joint Stipulation of Class Settlement and Settlement Agreement and Release (the "Settlement") (Docket No. 35, Exhibit 1), and entry of judgment in accordance with the Settlement; and (2) to grant, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), and section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), final class certification and collective action designation of the settlement Class

1  conditionally certified in the Preliminary Approval Order.

2      Plaintiff makes this motion on the ground that the Settlement was reached after arms-

3  length negotiations by counsel for Plaintiff and the Class and counsel for Defendants ("the

4  Parties"), is fair and reasonable, has drawn a very favorable response from the Class, and should

5  be given final approval by the Court for all the reasons set forth in the following memorandum in

6  support of the motion.

7      This motion is supported by this notice; the following memorandum in support of the

8  motion; the accompanying Declaration of Jahan C. Sagafi in Support of Plaintiff's Motion for

9  Final Approval of Class Settlement; the Declaration of Settlement Services, Inc. Describing

10  Settlement Administration; the Notice of Motion and Unopposed Motion for Order

11  (1) Conditionally Certifying Settlement Class and Collective Action, (2) Granting Preliminary

12  Approval to Proposed Class Action and Plan of Allocation, and (3) Directing Dissemination of

13  Class Notice to Class, and (4) Setting Final Approval Hearing Date and Related Dates;

14  Memorandum in Support filed with the Court February 3, 2011 (Docket No. 34) and supporting

15  papers (Docket Nos. 35-38); Plaintiff's Motion for Award of Attorneys' Fees, Reimbursement of

16  Costs and Expenses, and award of Class Representative Service Payment (Docket No. 41) and

17  supporting papers (Docket Nos. 42-43); the Preliminary Approval Order (Docket No. 40); the

18  Court's record in this action; all matters of which the Court may take notice; and such other

19  documentary and oral evidence or argument as may be presented to the court at the hearing on

20  this motion.

21

22

23

24

25

26

**Lieff, Cabraser, Heimann & Bernstein, LLP**
275 Battery St., 29th Floor
San Francisco, CA 94111
415-956-1000

1

2    Dated:  May 27, 2011                Respectfully submitted,

3                                        Kelly M. Dermody (*admitted pro hac vice*)
                                         Jahan C. Sagafi (*admitted pro hac vice*)
4                                        Anne B. Shaver (*admitted pro hac vice*)
                                         LIEFF CABRASER HEIMANN & BERNSTEIN LLP
5
                                         Michael C. Subit (Wash. Bar No. 29189)
6                                        FRANK FREED SUBIT & THOMAS LLP

7                                        By:  __*/s/ Jahan C. Sagafi*_____
                                              Jahan C. Sagafi
8
                                         *Attorneys for Plaintiff and the Class Members*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ................................................................................ 1

MEMORANDUM IN SUPPORT OF MOTION.................................................................... 1

    I.      INTRODUCTION ..................................................................................... 1

    II.     FACTUAL BACKGROUND ................................................................... 2

          A.    The Action.............................................................................. 2

          B.    Preliminary Approval of the Settlement ............................... 2

          C.    The Settlement Class............................................................. 3

          D.    The Settlement ...................................................................... 3

          E.    Notice Process....................................................................... 4

               1.    The Settlement's Class Notice Requirements Were Satisfied........................................................................... 4

               2.    CAFA's Notice Requirements Are Being Satisfied...................... 5

    III.    THE COURT SHOULD GRANT FINAL APPROVAL OF THE SETTLEMENT AND ENTER JUDGMENT IN ACCORDANCE WITH THE SETTLEMENT ................................................................................ 6

          A.    The Best Practicable Notice of Settlement Has Been Provided to the Class. ........................................................... 6

          B.    Standard For Final Approval................................................. 6

          C.    The Settlement Is Presumptively Fair Because It Was Negotiated At Arms' Length.................................................. 8

               1.    The Overwhelmingly Positive Reaction Of The Class Supports Approval Of The Settlement.......................................... 8

               2.    The Settlement Was Reached Through Arms-Length Negotiations After The Parties Conducted An Extensive Investigation And Analysis............................................. 9

                     a.    The Parties Engaged in Substantial Investigation and Analysis of the Legal Issues................................ 9

                     b.    The Parties Participated In Arms-Length Negotiations Before An Experienced Neutral Mediator. ........................................................... 10

                     c.    The Value Of The Settlement Favors Final Approval...................................................................... 11

               3.    Litigating this Action Would Be Complex, Expensive, Time Consuming, and Would Delay and Endanger Recovery............... 12

               4.    The Recommendations Of Experienced Counsel Favor Approval Of The Settlement. ........................................ 12

2:10-cv-00590-TSZ
923073.1

-i-

**Lieff, Cabraser, Heimann & Bernstein, LLP**
275 Battery St., 29th Floor
San Francisco, CA 94111
415-956-1000

# TABLE OF CONTENTS
### (continued)

Page

IV.    THE COURT SHOULD GRANT FINAL CLASS CERTIFICATION
       AND COLLECTIVE ACTION DESIGNATION. ................................................ 13

V.     CONCLUSION ................................................................................................. 13

2:10-cv-00590-TSZ
923073.1
-ii-

**Lieff, Cabraser, Heimann & Bernstein, LLP**
275 Battery St., 29th Floor
San Francisco, CA 94111
415-956-1000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# TABLE OF AUTHORITIES

**Page**

## CASES

*Boyd v. Bechtel Corp.*,
485 F. Supp. 610 (N.D. Cal. 1979) ....................................................................... 7

*Boyle v. Arnold-Williams*,
No. C01-5687 JKA, 2006 U.S. Dist. LEXIS 91920 (W.D. Wash. Dec. 20,
2006) ...................................................................................................... 7, 8, 12

*City of Detroit v. Grinnell Corp.*,
495 F.2d 448 (2d Cir. 1974) ........................................................................... 11

*Class Plaintiffs v. City of Seattle*,
955 F.2d 1268 (9th Cir. 1992) ................................................................. 1, 6, 7

*Eisen v. Carlisle & Jacquelin*,
417 U.S. 156 (1974) ....................................................................................... 6

*Ellis v. Naval Air Rework Facility*,
87 F.R.D. 15 (N.D. Cal. 1980) ................................................................... 7, 12

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ............................................................. 6, 11, 12

*Hughes v. Microsoft Corp.*,
No. C98-1646C, 2001 U.S. Dist. LEXIS 5976 (W.D. Wash. Mar. 26, 2001) ....................... 10

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
227 F.R.D. 553 (W.D. Wash. 2004) ................................................................. 8

*Linney v. Cellular Alaska P'ship*,
151 F.3d 1234 (9th Cir. 1998) ...................................................................... 11

*Lynn's Food Stores, Inc. v. U.S.*,
679 F.2d 1350 (11th Cir. 1982) ...................................................................... 7

*Mullane v. Central Hanover Bank & Trust Co.*,
339 U.S. 306 (1950) ....................................................................................... 6

*Officers for Justice v. Civil Serv. Comm'n*,
688 F.2d 615 (9th Cir. 1982) ................................................................... 6, 7, 11

*Ortiz v. Fibreboard Corp.*,
527 U.S. 815 (1999) ....................................................................................... 7

*Pelletz v. Weyerhaeuser Co.*,
255 F.R.D. 537 (W.D. Wash. 2009) ............................................................... 11

*Phillips Petroleum Co. v. Shutts*,
472 U.S. 797 (1985) ....................................................................................... 6

*Staton v. Boeing Co.*,
327 F.3d 938 (9th Cir. 2003) ...................................................................... 1, 6

2:10-cv-00590-TSZ
923073.1

-iii-

**Lieff, Cabraser, Heimann & Bernstein, LLP**
275 Battery St., 29th Floor
San Francisco, CA 94111
415-956-1000

-iii-

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

**OTHER AUTHORITIES**

28 U.S.C. § 1715(d) ................................................................................................................... 5

**TREATISES**

*Manual for Complex Litigation (Third)* § 30.42 (1995) ............................................................ 10

*Manual for Complex Litigation Fourth* (Fed. Judicial Center 2004) ,
   § 21.6.......................................................................................................................................... 7

**Lieff, Cabraser, Heimann & Bernstein, LLP**
275 Battery St., 29th Floor
San Francisco, CA 94111
415-956-1000

1

<u>**MEMORANDUM IN SUPPORT OF MOTION**</u>

2

**I.      <u>INTRODUCTION</u>**

3

Plaintiff requests that this Court grant final approval of the Settlement.[1]  This Settlement

4

resolves litigation over Plaintiff's and Class Members' claims that Premera misclassified the

5

Class Members as exempt from federal and state overtime laws, and due to the misclassification,

6

failed to pay overtime, provide proper meal and rest periods, or pay certain benefits (as a result of

7

failing to credit the Class for their claimed unpaid wages).  The Settlement is the product of arms-

8

length negotiations by experienced counsel, after significant investigation, and recognition of the

9

strengths and weaknesses of each side's positions.

10

The Settlement, in the amount of $1,450,000, is "fair, reasonable, and adequate" within

11

the meaning of Federal Rule of Civil Procedure 23(e).  The Class has responded favorably to the

12

Settlement.  Of the 133 Class Members who were sent notices, only one has objected and two

13

have opted out.  Declaration of Mark Patton Describing Settlement Administration ("Patton

14

Decl."), ¶ 10.  Furthermore, Class Counsel have conducted sufficient discovery to enable them

15

(who are among the most highly experienced attorneys in the country handling large overtime

16

class actions, particularly those on behalf of information technology support workers) to evaluate

17

the claims and defenses in the action.  Lastly, the Settlement is in line with the strength and

18

recoverability of Plaintiff's claims given the risk, expense, complexity, and likely duration of

19

further litigation.  *See Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003); *Class Plaintiffs v.*

20

*City of Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992).

21

In connection with requesting final settlement approval, Plaintiff also requests that the

22

Court confirm as final (1) the certification of the Class conditionally certified in its Preliminary

23

Approval Order; (2) the designation of the case as a collective action under the FLSA as

24

preliminarily designated in that Order; and (3) the appointment of Plaintiff as the Class

25

Representative and of Plaintiff's counsel as Class counsel as initially provided in that Order

26

---

[1] Premera does not oppose this motion.

1    ("Class Counsel").[2]

2    **II.    FACTUAL BACKGROUND**

3        **A.    The Action**

4        On April 7, 2010, Plaintiff commenced this class action against Premera.  Plaintiff

5    contends that Premera misclassified the Class as exempt from the overtime requirements of the

6    FLSA and the wage-and-hour laws of the State of Washington.  Complaint, ¶¶ 11-12, Docket

7    No. 1.  Plaintiff further asserts that, due to this alleged misclassification, Premera violated the

8    Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.  Id.*, ¶¶ 21-22.

9    Specifically, Plaintiff contends that certain ERISA-covered benefit plans in which he participated

10    required Premera to provide employees with benefit credits based upon their compensation

11    earned.  *Id.*  Plaintiff asserted that these employees should have been classified as nonexempt,

12    paid overtime, provided meal and rest breaks, and given additional benefits payments.

13        At all points during this litigation, including in connection with the Settlement, Premera

14    disputed, and it continues to dispute, Plaintiff's allegations, expressly denying any liability for

15    any of the claims that Plaintiff or the Class has raised or could have raised.  *See, e.g.,* Answer to

16    Complaint, Docket No. 23.

17        **B.    Preliminary Approval of the Settlement**

18        On February 28, 2011, this Court granted preliminary approval of the Settlement,

19    conditionally certified the Class, ordered that the Class be sent notice of the Settlement, and set a

20    schedule for final approval.  Docket No. 40.  The Court determined that the Settlement "falls

21    within the range of possible approval as fair, adequate, and reasonable," is "the result of arms-

22    length negotiations between the Parties," "is non-collusive," and was reached only "after Class

23    Counsel had investigated Plaintiff's claims and become familiar with their strengths and

24    weaknesses."  *Id.*, § V.

25    _____

25    [2] Pursuant to the Settlement Agreement and the Court's Preliminary Approval Order, Plaintiff's
     counsel has moved separately for a Class Representative Service Payment and for Class
26    Counsel's Attorneys' Fees and Costs.  Docket Nos. 41-43.  Premera does not oppose that motion.

C.    **The Settlement Class**

As part of the Settlement, Premera agreed to certification of the following Class:

> All persons who work or worked for Premera in a Covered Position
> during a Covered Period.  The term "Covered Position" means one
> or more of the following titles held by an individual working for
> Premera in the United States: Application Support Engineer I & II;
> Database Administrator I; Information Security Administrator III;
> IT Analyst I & II; Network Administrator III; PeopleSoft Systems
> Administrator; Production Control Analyst III; Senior Middleware
> Administrator; Senior Network Administrator; Senior Systems
> Administrator; Software QA Analyst; Software Test Engineer I;
> System Administrator – HCS; Systems Administrator I, II, & III;
> Systems Engineer I; Telecommunications Administrator I, II, & III;
> and Telecommunications Engineer I.

Settlement, § I.J.  The "Covered Period" is the period from April 7, 2006 to February 28, 2011,

which is the date the Preliminary Approval Order was entered by the Court.   Settlement, § I.I.

There are 133 Class Members, two of whom have opted out.  Patton Decl., ¶ 10.

D.    **The Settlement**

The Settlement creates a common fund of $1,450,000.  Settlement § I.S.  After deducting

the claims administrator's costs, the Class Representative Payment, and Class Counsel Attorneys'

Fees and Costs, the remainder of the Settlement fund will be distributed to Class Members[3]

according to the number of weeks each Class Member worked in a Covered Position during the

covered time period.  *Id.*, § XII.A.2.  There will be no reversion of funds to Premera; the entire

$1,450,000 will be paid out.  *Id.*, § XII.B.  All Class Members who did not opt out will

automatically receive their settlement shares.  *Id.*, § VII.D.3.

In exchange, all Class Members who did not opt out of the Settlement ("Participating

Class Members") will release Premera from claims brought in this litigation.  These Participating

Class Members will release all claims arising from the allegations in the complaint, "including

---

[3] For tax purposes, half of each Settlement Share will constitute a settlement of claims for wages and half will be deemed a settlement of claims for interest and penalties.  The Settlement Administrator will issue to each claimant an IRS Form W-2 for the wage portion and a Form 1099 for the interest and penalties portion of the Settlement Share.  Settlement, § XII.A.3.  The employer's share of taxes on the wage payments will be paid by Premera separately.  *Id.* at § I.S.

1  claims arising under the FLSA, the Washington Minimum Wage Act, the Washington Consumer

2  Protection Act, ERISA, and other applicable law based on the allegation that Plaintiff was

3  misclassified as exempt and denied overtime pay and other benefits as a result." *Id.* at § X.V.B.

4  The scope of these releases was fully described in the Court-approved Notice.  Docket No. 35,

5  Exhibit A to Exhibit 1.

6        **E.**     **Notice Process**

7        **1.**     **The Settlement's Class Notice Requirements Were Satisfied.**

8       The procedures for giving notice to the Class Members, as set forth in the Settlement and

9  ordered in the Preliminary Approval Order, have been fully and properly followed.  *See*

10  Preliminary Approval Order, Docket No. 40; Settlement, § VII.  The Court directed that the

11  proposed Notice of Proposed Class Settlement and Final Settlement Approval Hearing ("Class

12  Notice") be sent to Class Members, in the manner specified by the Settlement.  Preliminary

13  Approval Order, § VI.C.; Settlement, § VII.

14       The Parties implemented the instructions of the Preliminary Approval Order in this regard.

15  On or about March 10, 2011, Premera provided the settlement administrator, Settlement Services,

16  Inc. ("SSI"), with the list of the names, addresses and compensable work weeks of the Class

17  Members.  Patton Decl., ¶ 4.  On March 14, 2011, SSI sent the individualized notices to each of

18  the 133 Class Members.  *Id.* at ¶ 6.  The individualized notices listed (a) each Covered Position

19  held by the Class Member during the Covered Period; (b) the beginning and ending date the Class

20  Member held that position; (c) the number of Compensable Work Weeks the Class Member held

21  that position; and (d) the Class Member's predicted recovery amount in dollars.  *Id.*  This detailed

22  information – particularly the inclusion of the predicted recovery – put Class Members in the best

23  possible position to evaluate their options as to whether to participate, opt out, and/or object.  The

24  Notice informed Class Members of their right to contest this information, with disputes resolved

25  by the Claims Administrator based on evidence provided by the Class Members and Premera.

26  The Notice also explained the process for objecting to the settlement and excluding oneself from

2:10-cv-00590-TSZ
923073.1

-4-

**Lieff, Cabraser, Heimann & Bernstein, LLP**
275 Battery St., 29th Floor
San Francisco, CA 94111
415-956-1000

the settlement, along with contact information for Class Counsel and the Settlement

Administrator.  *Id.*

The Parties also employed the following notice procedures to maximize the efficacy of the

Notice.  First, SSI used address tracing to verify the accuracy of all addresses prior to sending the

Notices.  Patton Decl., ¶ 4.  Second, SSI ran traces on the addresses of any returned Notices to

again search for an updated address.  Only seven were returned as undeliverable, and SSI resent

the Notices to those seven Class Members promptly after determining their updated addresses.

*Id.* at ¶ 7.  Just one of those seven was returned as undeliverable.  *Id.*

### 2.    <u>CAFA's Notice Requirements Are Being Satisfied</u>

On or about May 25, 2011, Premera served upon the Attorney General of the United

States and the appropriate officials of Washington, Oregon, Idaho, and California a notice of the

Settlement consisting of: a copy of the complaint in this action; a notice of the scheduled judicial

hearings in this class action; copies of the Settlement; the proposed Notice; and the names of

Class Members and their estimated proportionate share of the entire Settlement.  Declaration of

Jahan C. Sagafi In Support of Final Approval ("Sagafi Final Approval Decl."), ¶ 4.  The Notice of

Settlement also invited comment on the Settlement.  As the parties discussed in yesterday's

telephonic conference, because CAFA allows the attorneys general 90 days during which to

comment on any Rule 23 settlement, 28 U.S.C. § 1715(d), Premera is requesting the attorneys

general to provide their comments on an expedited basis, preferably before the June 10 final

approval hearing (or, if that is not possible, as soon thereafter as is feasible).  Class Counsel will

assist Premera in these efforts.  As discussed in yesterday's telephonic conference, Premera will

separately submit briefing before the final approval hearing proposing how CAFA can be

satisfied without delaying payment to the Class Members.

2:10-cv-00590-TSZ
923073.1

-5-

**Lieff, Cabraser, Heimann & Bernstein, LLP**
275 Battery St., 29th Floor
San Francisco, CA 94111
415-956-1000

**III.    THE COURT SHOULD GRANT FINAL APPROVAL OF THE SETTLEMENT AND ENTER JUDGMENT IN ACCORDANCE WITH THE SETTLEMENT**

**A.    The Best Practicable Notice of Settlement Has Been Provided to the Class.**

The mailing of the individualized notices to Class Members, and the general administration of the notice process as described above, meet the requirements for the "best practicable" notice in this case as necessary to protect the due process rights of Class Members. *See* Preliminary Approval Order, §VI.C. ("[T]he Class Notice will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), and satisfies all other legal and due process requirements."); *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985) (provision of "best practicable" notice with description of the litigation and explanation of opt-out rights satisfies due process); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-75 (1974) (individual notice must be sent to class members who can be identified through reasonable means); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested Parties of the pendency of the action and afford them an opportunity to present their objections").

Therefore, the Court may proceed to determine the fairness and adequacy of the Settlement, and order its approval, secure in the knowledge that all absent Class Members have been given the opportunity to participate fully in the opt-out, comment, and approval process.

**B.    The Standard For Final Approval**

"[V]oluntary conciliation and settlement are the preferred means of dispute resolution," especially in complex class actions.  *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).  Class action lawsuits readily lend themselves to compromise because of the difficulties of proof, the uncertainties of the outcome, and the typical length of the litigation.  *City of Seattle*, 955 F.2d at 1276 (noting that "strong judicial policy . . . favors settlements, particularly where complex class action litigation is concerned").

2:10-cv-00590-TSZ
923073.1

-6-

**Lieff, Cabraser, Heimann & Bernstein, LLP**
275 Battery St., 29th Floor
San Francisco, CA 94111
415-956-1000

1    On a motion for final approval of a class action settlement under Federal Rule of Civil

2    Procedure 23(e), a court's inquiry is whether the settlement "fair, adequate and reasonable,"

3    recognizing that "'it is the settlement taken as a whole, rather than the individual component

4    parts, that must be examined for overall fairness.'" *Staton,* 327 F.3d at 952 (quoting *Hanlon v.*

5    *Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). Similarly, under the FLSA, a settlement

6    that results in waiver of FLSA claims should be approved where it is "entered as part of a

7    stipulated judgment approved by the court after scrutinizing the settlement for fairness." *Lynn's*

8    *Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). A settlement is fair, adequate

9    and reasonable, and therefore merits final approval, when "the interests of the class are better

10   served by the settlement than by further litigation." *Manual for Complex Litigation Fourth* (Fed.

11   Judicial Center 2004) ("*Manual*"), § 21.6 at 309.

12   When determining whether to grant final approval, "the court's intrusion upon what is

13   otherwise a private consensual agreement negotiated between the Parties to a lawsuit must be

14   limited to the extent necessary to reach a reasoned judgment that the agreement is not the product

15   of fraud or overreaching by, or collusion between, the negotiating Parties, and that the settlement,

16   taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice*, 688 F.2d

17   at 625. The court should balance "the strength of plaintiffs' case; the risk, expense, complexity,

18   and likely duration of further litigation; the risk of maintaining class action status throughout the

19   trial; the amount offered in settlement; the extent of discovery completed, and the state of the

20   proceedings; the experience and views of counsel . . . and the reaction of the class to the proposed

21   settlement." *Class Plaintiffs*, 955 F.2d at 1291; *Boyle v. Arnold-Williams*, No. C01-5687 JKA,

22   2006 U.S. Dist. LEXIS 91920, *13-14 (W.D. Wash. Dec. 20, 2006). "The recommendations of

23   plaintiffs' counsel should be given a presumption of reasonableness." *Boyd v. Bechtel Corp.,* 485

24   F. Supp. 610, 622 (N.D. Cal. 1979); *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D.

25   Cal. 1980) ("[T]he fact that experienced counsel involved in the case approved the settlement

26   after hard-fought negotiations is entitled to considerable weight.").

C.     **The Settlement Is Presumptively Fair Because It Was Negotiated At Arms'** **Length.**

The Court should begin its analysis with a presumption that the Settlement is fair and should be approved.  Arms' length negotiations conducted by competent counsel after appropriate discovery are *prima-facie* evidence of a settlement that is fair and reasonable.  *See Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 852 (1999); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 227 F.R.D. 553, 567 (W.D. Wash. 2004); *Boyle*, 2006 U.S. Dist. LEXIS 91920 at *13-14. These factors are well satisfied here.

First, the Settlement was reached only after arms-length and good-faith negotiations.  As such, there is an absence of any indicia of collusion.  Second, as discussed in more detail below, the Parties engaged in a significant exchange of relevant information and data in advance of the mediation.  *See* Preliminary Approval Motion, § II(D); Declaration of Jahan Sagafi In Support of Preliminary Approval ("Sagafi Preliminary Approval Decl."), Docket No. 35, ¶¶ 9-14.  As a result of these efforts, Class Counsel had sufficient information to evaluate the strengths and weaknesses of the Class claims and defenses, whether to pursue litigation or settle, and the appropriate settlement value for the claims at issue.  Third, Class Counsel are experienced in wage-and-hour class-action litigation, acted in good faith, and have represented the Class Members' best interests in reaching the Settlement.  Sagafi Preliminary Approval Decl., ¶¶ 5-8,19.  Finally, there has been just one objection to the Settlement by a Class Member.  Patton Decl., ¶ 10, Exhibit B.  Thus, a presumption is appropriate that the class relief in the Settlement is fair.

1.     **The Overwhelmingly Positive Reaction Of The Class Supports** **Approval Of The Settlement.**

To date, SSI and Class Counsel have received one objection from Class Members.[4]

---

[4] The deadline for Class Members to opt out of or object to the settlement was April 28, 2011.

1  Patton Decl., ¶ 10; Sagafi Fee Decl., ¶¶ 13-14.  Two Class Members have opted out of the

2  Settlement.  Patton Decl., ¶ 10, Exhibit A.  These facts indicate that the Class Members

3  overwhelmingly support the Settlement and strongly favor its approval.  *See Boyle*, 2006 U.S.

4  Dist. LEXIS at *10-11 ("the fact that there is opposition does not necessitate disapproval of the

5  settlement. Instead, the court must independently evaluate whether the objections being raised

6  suggest serious reasons why the proposal might be unfair.").  Here, the sole objection argues that

7  Premera's decision to classify the Class Members as exempt was and is appropriate, concluding

8  that the lawsuit is meritless.  Sagafi Fee Decl., ¶ 14 & Ex. B.  It also questions Plaintiff's motives

9  in bringing the action.  *Id.*  The objection underscores the difficulties Plaintiff would have faced

10  in proving his claims on behalf of himself and the class.  *Id.*  It therefore supports the

11  reasonableness of the Settlement, which provides real benefits to the Class Members in light of

12  the difficulty of substantial recovery in litigation.  The objection does not argue that the

13  Settlement is unfair to the Class Members, that the Notice is inadequate, or that the attorneys'

14  fees or class representative service award is unreasonable.  *Id.*

15
        **2.**     **The Settlement Was Reached Through Arms-Length Negotiations**
16
              **After The Parties Conducted An Extensive Investigation And Analysis.**

           **a.**     **The Parties Engaged in Substantial Investigation and Analysis**
17
               **of the Legal Issues.**

18        The Parties engaged in extensive fact-gathering, informal and formal discovery, and

19  extensive discussions of the substantive legal issues before finalizing the Settlement.  Sagafi

20  Preliminary Approval Decl., ¶¶ 12-14.  Class Counsel filed the complaint in this action after

21  months of investigation and research by Class Counsel.  *Id.*, ¶¶ 10-11.  From the filing of the

22  Complaint to mediation, potential Class Members contacted Class Counsel, expressing their

23  interest in participating in the action.  Sagafi Final Approval Decl., ¶ 5.  Class Counsel assisted

24  these individuals in filing consent to join forms to formally assert their FLSA claims.  *Id.*  In

25  addition, Class Counsel interviewed at least a dozen witnesses and collected sworn witness

26  statements from eight of them supporting Plaintiff's position.  *Id.*, ¶ 5.  Plaintiff submitted those

2:10-cv-00590-TSZ
923073.1
-9-
**Lieff, Cabraser, Heimann & Bernstein, LLP**
275 Battery St., 29th Floor
San Francisco, CA 94111
415-956-1000

1    statements to the mediator and made them available to Premera in connection with the mediation

2    efforts.  *Id.*

3          During the litigation, the Parties conducted substantial formal and informal discovery.

4    Plaintiff advised Premera of the documents and witnesses sought through a First Set of Document

5    Requests and a Federal Rule of Civil Procedure 30(b)(6) deposition notice on June 29, 2010.  The

6    parties also agreed to an informal document exchange.  Sagafi Preliminary Approval Decl., ¶ 12.

7    During the course of discovery, Premera produced thousands of pages of documents, including

8    handbooks, manuals, policies, job descriptions, and personnel information.  *Id.*, ¶ 12-13.  Premera

9    also produced voluminous electronic payroll data in several iterations, requiring extensive and

10   time-consuming analysis.  Sagafi Fee Decl., ¶ 20.

11         Premera likewise conducted written and testimonial discovery regarding, among other

12   things, Plaintiff's individual and class liability and damages claims and Plaintiff's contentions

13   regarding class and collective action certification.  Sagafi Preliminary Approval Decl., ¶ 14.

14   Plaintiff provided written responses to requests for production of documents, and produced close

15   to a hundred pages of documents.  *Id.*

16               **b.**      **The Parties Participated In Arms-Length Negotiations Before**

17                             **An Experienced Neutral Mediator.**

18         As set forth above, a settlement is presumed fair if it was negotiated at arm's length by

19   experienced, competent counsel equipped with enough information to act intelligently.  *See*

20   *Hughes v. Microsoft Corp.*, No. C98-1646C, 2001 U.S. Dist. LEXIS 5976, at *20 (W.D. Wash.

21   Mar. 26, 2001) ("A presumption of correctness is said to attach to a class settlement reached in

22   arms-length negotiations between experienced capable counsel after meaningful discovery.")

23   (citing *Manual for Complex Litigation (Third)* § 30.42 (1995)).  On November 17, 2010, the

24   Parties attended a private mediation with Teresa Wakeen of the Seattle firm Wakeen &

25   Associates.  Sagafi Preliminary Approval Decl., ¶ 17.  Beforehand, each party submitted a

26   mediation brief to the mediator and to the other side, summarizing the legal arguments and

2:10-cv-00590-TSZ
923073.1
-10-

**Lieff, Cabraser, Heimann & Bernstein, LLP**
275 Battery St., 29th Floor
San Francisco, CA 94111
415-956-1000

1   evidence gathered to date.  *Id.*  Late that evening, the Parties reached an agreement, memorialized

2   in a Memorandum of Agreement.  *Id.*, ¶ 18.  In the weeks following the mediation, the Parties

3   drafted, negotiated, and finalized a settlement agreement, which was submitted to the Court on

4   February 4, 2011.  Docket No. 35, Exhibit 1.

5                   **c.      The Value Of The Settlement Favors Final Approval.**

6            As set forth above, the value of the Settlement—$1,450,000—is substantial, and the

7   Settlement is in line with other similar class-action settlements recently approved.  *See* Plaintiff's

8   Motion for Attorneys' Fees and Costs, Docket No. 41, p. 12 (citing cases).  This is especially true

9   in light of the strong defenses Premera had regarding the propriety of class certification and on

10  the merits of Plaintiff's claims.  Sagafi Fee Decl., ¶¶ 18-19.   Plaintiff faced the very real

11  possibility that if he proceeded to trial, he might obtain little if *any* recovery for the Class.  *Id.*

12           This recovery is substantial, especially as its adequacy must be judged as "'a yielding of

13  absolutes and an abandoning of highest hopes . . . .  Naturally, the agreement reached normally

14  embodies a compromise; in exchange for the saving of cost and elimination of risk, the Parties

15  each give up something they might have won had they proceeded with litigation. . . .'"  *Officers*

16  *for Justice*, 688 F.2d at 624 (citation omitted).  Accordingly, the Settlement is not to be judged

17  against a speculative measure of what might have been achieved.  *Linney v. Cellular Alaska*

18  *P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998).  In the end, "[s]ettlement is the offspring of

19  compromise; the question we address is not whether the final product could be prettier, smarter or

20  snazzier, but whether it is fair, adequate and free from collusion."  *Hanlon*, 150 F.3d at 1027;

21  *Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 544 (W.D. Wash. 2009) (same).  In addition, the

22  Court should consider that the Settlement provides for payment to the Class now, rather than a

23  speculative payment many years down the road.  *See City of Detroit v. Grinnell Corp.*, 495 F.2d

24  448, 463 (2d Cir. 1974).  Therefore, the $1,450,000 settlement amount is well within the range of

25  reasonableness.

26

**Lieff, Cabraser, Heimann & Bernstein, LLP**
275 Battery St., 29th Floor
San Francisco, CA 94111
415-956-1000

3.     **Litigating This Action Would Be Complex, Expensive, Time Consuming, And Would Delay And Endanger Recovery.**

As is evident from the procedural background outlined above and in the detailed Settlement, this nationwide class and collective action involves intricate legal and factual questions under federal and state law.  *See* Sagafi Fee Decl., ¶¶ 18-19.  Litigating these complex claims, which arose over a period of three years, would require substantial and expensive discovery and pre-trial motions, as well as the consideration, preparation, and presentation of voluminous documentary and testimonial evidence and the preparation and analysis of expert reports.  Trial itself would require the use of expert witnesses at the damages phase, and would involve numerous complex legal and factual issues.  As is typical with any case, but especially so with class actions, appeals would probably follow, with the result that payments to Class Members, if any, would likely occur only after several years of delay.

In contrast, the Settlement will yield a prompt, certain, and substantial recovery for the Class Members.  Such a result benefits the Parties and the court system.

4.     **The Recommendations Of Experienced Counsel Favor Approval Of The Settlement.**

The judgment of experienced counsel regarding the settlement is entitled to great weight. *Boyle*, 2006 U.S. Dist. LEXIS 91920 at *13-14; *Hanlon,* 150 F.3d at 1026; *Ellis*, 87 F.R.D. at 18. Here, Class Counsel endorse the Settlement as fair, adequate, and reasonable.

Class Counsel have extensive experience in prosecuting and litigating class action wage and hour suits like this one.  Sagafi Fee Decl., ¶¶ 4-12, Ex. A (attaching the firm resume for Lieff, Cabraser, Heimann & Bernstein LLP); Declaration of Michael C. Subit in Support of Attorneys Fees and Costs, Docket No. 43, ¶¶ 7-12.  Class Counsel have conducted extensive investigation of this case, including reviewing thousands of pages of documents produced by Premera, reviewing Class Member data, and interviewing many Class Members.  Sagafi Fee Decl., ¶ 22. The fact that qualified and well-informed counsel endorse the Settlement as being fair,

2:10-cv-00590-TSZ
923073.1
-12-
**Lieff, Cabraser, Heimann & Bernstein, LLP**
275 Battery St., 29th Floor
San Francisco, CA 94111
415-956-1000

1    reasonable, and adequate heavily favors this Court's approval of the Settlement.

2    **IV.    THE COURT SHOULD GRANT FINAL CLASS CERTIFICATION AND
3            COLLECTIVE ACTION DESIGNATION.**

4           The Court's Preliminary Approval Order provisionally certified the Settlement Class

5    pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and provisionally

6    designated the case as an FLSA collective action. Preliminary Approval Order, §§ II.B-III. The

7    Court ruled that, for purposes of settlement, the Class meets the Rule 23 requirements as well as

8    the FLSA collective action requirements. *Id*. The Court also appointed the named Plaintiff as

9    Class representative and Plaintiff's counsel as Class Counsel. *Id*., § IV. No Class Member has

10   objected to these aspects of the Settlement. Sagafi Fee Decl., ¶ 14. For these reasons, and the

11   reasons set forth in Plaintiff's motion for preliminary settlement approval, Class Counsel

12   respectfully submit that the Court should grant final certification and collective action designation

13   for purposes of settlement of this matter and should confirm the appointment of the class

14   representatives and class counsel.

15   **V.    CONCLUSION**

16          For the reasons set forth above, Class Counsel respectfully requests that the Court

17   (1) grant final approval of the Settlement and (2) grant final class certification and collective

18   action designation of the Settlement.

19

20

21

22

23

24

25

26

2:10-cv-00590-TSZ
923073.1

-13-

**Lieff, Cabraser, Heimann & Bernstein, LLP**
275 Battery St., 29th Floor
San Francisco, CA 94111
415-956-1000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Dated:  May 27, 2011

Respectfully submitted,

LIEFF CABRASER HEIMANN & BERNSTEIN

By:    /s/ Jahan C. Sagafi
            Jahan C. Sagafi

Kelly M. Dermody (*admitted pro hac vice*)
Jahan C. Sagafi (*admitted pro hac vice*)
Anne B. Shaver (*admitted pro hac vice*)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008
E-Mail: kdermody@lchb.com
E-Mail: jsagafi@lchb.com
E-Mail: ashaver@lchb.com

Michael C. Subit (Wash. Bar No. 29189)
FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104-0401
Telephone:  (206) 682-6711
Facsimile:   (206) 682-0401
E-Mail: msubit@frankfreed.com

*Attorneys for Plaintiff and the Class Members*

2:10-cv-00590-TSZ
923073.1

-14-

**Lieff, Cabraser, Heimann & Bernstein, LLP**
275 Battery St., 29th Floor
San Francisco, CA 94111
415-956-1000