THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFF SHERRILL, on behalf of himself and a class of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PREMERA BLUE CROSS; LIFEWISE HEALTH PLAN OF OREGON; and LIFEWISE ASSURANCE CO.,<br><br>Defendants. | NO.  2:10-cv-00590-TSZ<br><br>**AMENDED ORDER (1) CONFIRMING CERTIFICATION OF CLASS AND COLLECTIVE ACTION, (2) GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT, AND (3) DIRECTING ENTRY OF JUDGMENT** |

On June 10, 2011, a hearing was held on the unopposed motion of Plaintiff Jeff Sherrill for final approval of the class settlement; and on the separate motion of Plaintiff and his counsel for awards of the Class Representative Service Payment and the Class Counsel Attorneys' Fees and Costs Payment.  Jahan C. Sagafi, Anne B. Shaver, and Michael C. Subit appeared for Plaintiff; and Karl Quackenbush appeared for Defendants Premera Blue Cross, Lifewise Health Plan of Oregon and Lifewise Assurance Co. (hereinafter, "Premera").

The Parties have submitted their Joint Stipulation of Class Settlement and Class Settlement Agreement (the "Settlement"), which this Court preliminarily approved in its February 28, 2011, order (the "Preliminary Approval Order").  In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to comment on it or to opt out of its provisions.  In addition, pursuant to the Class

2:10-cv-00590-TSZ

932202.1

- 1 -

**Lieff, Cabraser, Heimann & Bernstein, LLP**
275 Battery St., 29th Floor
San Francisco, CA 94111
415-956-1000

-1-

1  Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), Premera gave the Attorney General of
2  the United States and the appropriate state officials of Washington, Oregon, Idaho, and California
3  notice of the Settlement on May 25, 2011.
4       Having received and considered the Settlement, the supporting papers filed by the Parties,
5  and the evidence and argument received by the Court at the final approval hearing on June 10,
6  2011, by means of this order (the "Final Approval Order") the Court grants final approval to the
7  Settlement, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:
8       1.    Except as otherwise specified herein, the Court for purposes of this Final
9  Approval Order adopts all defined terms set forth in the Settlement.
10      2.    This Court has jurisdiction over the subject matter of this litigation and all
11 related matters and all state and federal claims raised in this action and released in the Settlement,
12 and personal jurisdiction over Premera and all Class Members (except for those who timely filed
13 opt out requests).  Specifically, this Court has federal question jurisdiction over this action
14 pursuant to 28 U.S.C. section 1331; section 16(b) of the Fair Labor Standards Act ("FLSA"), 29
15 U.S.C. § 216(b); and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §
16 1132(e)(1).
17      3.    This Court also has supplemental jurisdiction over all state-law claims
18 asserted by Plaintiff because the state-law claims derive from a common nucleus of operative fact
19 and form part of the same case or controversy as those claims over which the Court has primary
20 jurisdiction. *See* 28 U.S.C. § 1367 (providing for supplemental jurisdiction over related state-law
21 claims that "form part of the same case or controversy"); *United Mine Workers v. Gibbs*, 383 U.S.
22 715, 726 (1996) (federal courts have supplemental jurisdiction over state law claims that arise
23 from the same "common nucleus of operative fact" such that the parties "would ordinarily be
24 expected to try them all in one judicial proceeding").
25      4.    This Court also has jurisdiction to approve the Settlement's release of
26 claims by Class Members over which the Court has jurisdiction, even if the Court would not

2:10-cv-00590-TSZ
932202.1
- 2 -
Lieff, Cabraser, Heimann & Bernstein, LLP
275 Battery St., 29th Floor
San Francisco, CA 94111
415-956-1000

1   independently have jurisdiction over those released claims.  *See Grimes v. Vitalink

2   Communications*, 17 F.3d 1553, 1563 (3d Cir. 1994) (citing *Class Plaintiffs v. City of Seattle*, 955

3   F.2d 1268, 1287-88 (9th Cir. 1992) ("[A] federal court may release not only claims alleged in the

4   complaint, but also state claims arising from the same nucleus of operative facts over which the

5   court would not have jurisdictional competence."); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,

6   442 F.3d 741, 748 (9th Cir. 2006) (quoting *Class Plaintiffs*, 955 F.2d at 1287-89).

7     5. Pursuant to the Preliminary Approval Order, individualized notice was sent

8   to each Class Member by first-class mail.  The notices informed Class Members of the terms of

9   the Settlement, their right to a share of the settlement proceeds, their right to comment on the

10  Settlement or opt out of the Settlement and pursue their own remedies, and their right to appear in

11  person or by counsel at the final approval hearing and be heard regarding approval of the

12  Settlement.  Adequate periods of time were provided by each of these procedures.

13    6. The Court finds and determines that this notice procedure afforded

14  adequate protections to Class Members and provides the basis for the Court to make an informed

15  decision regarding approval of the Settlement based on the responses of Class Members.  Notice

16  was accomplished in the manner prescribed by the Settlement.  The Court finds and determines

17  that the notice provided in this case was the best notice practicable, which satisfied the

18  requirements of law and due process.

19    7. On May 25, 2011, Premera served upon the Attorney General of the United

20  States and the appropriate state officials of Washington, Oregon, Idaho, and California a notice of

21  the Settlement consisting of: a copy of the complaint in this action; a notice of the scheduled

22  judicial hearings in this class action; copies of the Settlement; the proposed Notice; and the names

23  of Class Members and their estimated proportionate share of the entire Settlement.  The Notice of

24  Settlement also invited comment on the Settlement.

25    8. Due to the delay in distribution of the CAFA notices, the parties have

26  agreed to modify the Settlement Agreement in the following two ways:

2:10-cv-00590-TSZ

932202.1

- 3 -

**Lieff, Cabraser, Heimann & Bernstein, LLP**
275 Battery St., 29th Floor
San Francisco, CA 94111
415-956-1000

1  a. First, the parties have agreed that the release period set forth in Section XV of the Settlement Agreement ends on June 10, 2011 (instead of "the date the Final Approval Order is entered by the Court," which is the original text in the Settlement Agreement filed with the Court). The Court approves this change to the release period.

 b. Second, the parties have agreed that, within three (3) court days following entry of this Order, Premera shall arrange for payment to the Settlement Administrator of an additional amount of $14,897.26 as compensation for the delayed final resolution of this matter. Therefore, the total Settlement Payment shall be $1,464,897.26 (instead of $1,450,000, which is the original amount in the Settlement Agreement, Section I.S., filed with the Court) plus any investment earnings that have been credited to that amount since Premera timely deposited the originally agreed-to Settlement Payment with the Settlement Administrator. The Court approves this change to the Settlement Payment.

9. The Court finds and determines that Premera's notice of Settlement was adequate and compliant with the statutory requirements of CAFA. Accordingly, 28 U.S.C. section 1715(e) has no application to the Settlement.

10. For the reasons stated in the Preliminary Approval Order, this Court finds and determines that the proposed Settlement Class, as defined in the definitions section of the Settlement and in section II of its Preliminary Approval Order, meets all of the legal requirements for class certification under Federal Rule of Civil Procedure 23 ("Rule 23") (a) and (b)(3), and it is hereby ordered that the Settlement Class is finally approved and certified as a Class for purposes of settlement of this action.

11. For the reasons stated in the Preliminary Approval Order, this Court finds and determines that the action meets all of the legal requirements for certification as a collective action under section 16(b) of the FLSA, 29 U.S.C. § 216(b), for the three-year period preceding the filing of Plaintiff's complaint, and it is hereby ordered that the action is certified as a collective action for purposes of settlement of this action.

2:10-cv-00590-TSZ
932202.1
- 4 -
Lieff, Cabraser, Heimann & Bernstein, LLP
275 Battery St., 29th Floor
San Francisco, CA 94111
415-956-1000

12. Pursuant to Rule 23(e), the Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Class and to each Class Member and that the Class Members who have not opted out will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated. The Court specifically finds that the Settlement is rationally related to the strength of Plaintiff's claims given the risk, expense, complexity, and duration of further litigation. This Court also finds that the Settlement is the result of arms-length negotiations between experienced counsel representing the interests of the Class Members and Premera, under the supervision of an experienced and independent third-party mediator, after thorough factual and legal investigation. *Staton v. Boeing,* 327 F.3d 938, 960 (9th Cir. 2003); *Class Plaintiffs*, 955 F.2d at 1291.

13. The Court further finds that the response of the Class Members to the Settlement supports settlement approval. Of the 133 Class Members, only two opted out of the Settlement. One Class Member filed a written objection to the Settlement as part of this notice process. The Court has reviewed and considered this objection. The objection argues that Premera's decision to classify the Class Members as exempt and the Class Members' long work hours are appropriate, concluding that the lawsuit is meritless. It also questions Plaintiff's motives in bringing the action. The objection underscores the difficulties Plaintiff would have faced in proving his claims on behalf of himself and the class. It therefore supports the reasonableness of the settlement, which provides real benefits to the Class Members in light of the difficulty of recovery in litigation.

14. The Court finds and determines that the payments to be made to the Class Members as provided for in the Settlement are fair and reasonable. The proposed plan of allocation is rationally related to the relative strengths of the respective claims asserted. The Court hereby gives final approval to and orders the payment of those amounts be made to the claimants out of the Settlement Payment in accordance with the terms of the Settlement.

2:10-cv-00590-TSZ

932202.1

- 5 -

Lieff, Cabraser, Heimann & Bernstein, LLP
275 Battery St., 29th Floor
San Francisco, CA 94111
415-956-1000

15. The Court confirms as final the appointment of Plaintiff Jeff Sherrill as the Class Representative of the Washington Class under Rule 23 and as Class Representative of the nationwide FLSA Class under section 16(b). The Court finds and determines that the award of the Class Representative Payment of $5,000 to Plaintiff for his services as the Class Representative, in addition to his individual Settlement Share, is fair and reasonable. The Plaintiff has satisfied the criteria as set forth in *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003). Under *Staton*, such awards should be evaluated using "'relevant factors, includ[ing] the actions the Plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions, . . . the amount of time and effort the Plaintiff expended in pursuing the litigation . . . and reasonabl[e] fear[s] of workplace retaliation.'" *Staton*, 327 F.3d at 977 (citing *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)) (ellipses in original). Here, Plaintiff's initiation of the lawsuit caused him personal exposure and potential adverse consequences with future employers. Plaintiff's assertion of Washington state law claims on behalf of his fellow Class Members tolled the statutes of limitations for those state law claims, to the benefit of the Class Members who worked or work in Washington. Furthermore, Class Counsel attests that Plaintiff was substantially involved throughout the litigation, educating Plaintiff's counsel on Class Members' job duties and Premera's policies and procedures. Plaintiff submitted a declaration regarding his Premera work experiences, which contributed to the settlement. Plaintiff also attended the Parties' settlement negotiations. The Court hereby gives final approval to and orders that the Class Representative Payment of that amount be made to Plaintiff out of the Qualified Settlement Fund in accordance with the terms of the Settlement.

16. The Court confirms as final the appointment of the following law firms and attorneys as class counsel ("Class Counsel") for the Rule 23 and FLSA Classes: Kelly M. Dermody, Jahan C. Sagafi, and Anne B. Shaver of Lieff, Cabraser, Heimann & Bernstein LLP, and Michael C. Subit of Frank Freed Subit & Thomas LLP. The Court finds and determines that the payment of $362,500 in attorneys' fees and $13,206 in litigation costs and expenses, for a

2:10-cv-00590-TSZ

932202.1

- 6 -

Lieff, Cabraser, Heimann & Bernstein, LLP
275 Battery St., 29th Floor
San Francisco, CA 94111
415-956-1000

total payment of $375,706 to Class Counsel, is fair and reasonable.  The Court hereby gives final approval to and orders that that payment of that amount be made to Class Counsel out of the Qualified Settlement Fund in accordance with the terms of the Settlement.

17. Nothing in this Final Approval Order will preclude any action to enforce the Parties' obligations under the Settlement or under this order, including the requirement that Premera make the Settlement Payment in accordance with the terms of the Settlement.

18. Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the Parties.

19. By operation of the entry of this Final Approval Order and pursuant to the Settlement, all Participating Class Members are permanently barred from prosecuting against the Premera Parties any Participating Class Member Released Claim as set forth in section XV of the Settlement.  The Court has reviewed the release in section XV of the Settlement and finds it to be fair, reasonable, and enforceable under Rule 23, the FLSA and all other applicable law.

20. If, for any reason, the Settlement ultimately does not become Final (as defined in the Settlement, section I(K)), this Final Approval Order will be vacated; the Parties will return to their respective positions in this action as those positions existed immediately before the parties executed the Settlement; and nothing stated in the Settlement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

21. The Parties entered into the Settlement solely for the purpose of compromising and settling disputed claims.  Premera in no way admits any violation of law or any liability whatsoever to Plaintiff and the Class, individually or collectively, all such liability being expressly denied by Premera.  Premera in no way admits that this action could have been properly maintained as a collection action or a class action if it had not been settled.

2:10-cv-00590-TSZ

932202.1

- 7 -

**Lieff, Cabraser, Heimann & Bernstein, LLP**
275 Battery St., 29th Floor
San Francisco, CA 94111
415-956-1000

22. Pursuant to this Final Approval Order, the Court will enter a final judgment in this action, as defined in Federal Rule of Civil Procedure 58(a)(1).

23. Without affecting the finality of the Court's judgment in any way, the Court retains jurisdiction over this matter for purposes of resolving issues relating to interpretation, administration, implementation, effectuation and enforcement of the Settlement.

24. The Parties are hereby ordered to comply with the terms of the Settlement.

25. Pursuant to the settlement of the parties, this action is hereby dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement and the Court's orders.

Dated:  August 25, 2011.

_____
Thomas S. Zilly
United States District Judge

Presented By:
 */s/ Jahan C. Sagafi*_____
Jahan C. Sagafi
Admitted *pro hac vice*
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008
E-Mail: jsagafi@lchb.com

2:10-cv-00590-TSZ
932202.1
- 8 -
Lieff, Cabraser, Heimann & Bernstein, LLP
275 Battery St., 29th Floor
San Francisco, CA 94111
415-956-1000